UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESTGATE RESORTS, LTD., a Florida limited
partnership, by and through its general partner
WESTGATE RESORTS, INC., a Florida
corporation, *et al.*,

                Plaintiffs,                        CASE NO.: 6:18-cv-01088-GAP-DCI

vs.

REED HEIN & ASSOCIATES, LLC d/b/a
TIMESHARE EXIT TEAM, *et al.*,

                Defendants.

_____/

**JOINT MOTION FOR TWO-WEEK EXTENSION OF DEADLINE (DOC. 153)
TO FILE MOTIONS FOR SUMMARY JUDGMENT ON DAMAGES
AND *DAUBERT* MOTIONS DIRECTED TO DAMAGES EXPERTS,
AND SUPPORTING MEMORANDUM**

Pursuant to Fed. R. Civ. P. 6(b)(1)(A) and M.D. Local Rule 3.01(a), Plaintiffs Westgate

Resorts, Ltd., *et al.* ("Plaintiffs") and Defendants, Reed Hein & Associates, LLC, Brandon Reed,

Trevor Hein, and Thomas Parenteau (collectively, "Defendants"), jointly move for the entry of

an Order extending the deadline (Doc. 153) by an additional two (2) weeks from April 29, 2020

to **May 13, 2020** in which to file *Daubert* Motions relating to their damages experts and motions

for summary judgment relating to damages.  The grounds supporting this motion are set forth in

the Memorandum, below.

**MEMORANDUM**

**I.
BACKGROUND**

1

On January 10, 2020, this Court entered an Order (Doc. 141) modifying the Amended Case Management and Scheduling Order (Doc. 115) to facilitate the completion of fact and expert discovery relating to the issue of damages.  Specifically, at the joint request of the Parties, the Court permitted Plaintiffs' damages expert to issue a supplemental report and extended four deadlines in the prior Scheduling Order, as follows:

a.  The deadline for discovery on damages was extended to February 7, 2020;

b.  The deadline for Plaintiffs' supplemental expert disclosure was set for February 14, 2020;

c.  The deadline for Defendants to serve their rebuttal expert's report is extended to March 16, 2020;

d.  The deadline for conducting depositions of newly disclosed experts is extended to March 30, 2020; and

e.  The deadline for filing *Daubert* motions relating to the newly disclosed experts and summary judgment motion on damages is extended to April 15, 2020.

Thereafter, the Parties worked diligently to complete discovery and comply with all of these deadlines.  Plaintiffs propounded and served subpoenas for 71 depositions on written questions, and obtained substantial testimony with the 28-day period afforded by the Court through the February 7 deadline.  Plaintiffs' expert received and incorporated that testimony in his Supplemental Report that was disclosed a week later by the February 14 deadline. Defendants deposed the expert on March 10, 2020, in San Antonio, Texas.  Defendants disclosed two rebuttal experts and expert reports by the deadline of March 16, 2020, and, the midst of shelter-in-place and travel restriction being imposed in response to the COVID-19 coronavirus pandemic, the Parties coordinated and Plaintiffs conducted depositions of both rebuttal experts within the allotted two-week period by the March 30, 2020 deadline.

2

Subsequent to the timely completion of these depositions, counsel for the Parties experienced increased disruptions to their personal and professional lives caused by the implementation of shelter-in-place orders and the continued closing of public schools that have further reduced the availability of both attorneys and staff persons to aid in finalizing and filing motions and briefs to meet filing deadlines in their respective cases.  In regard to motions for summary judgment and *Daubert* motions relating to the issues of damages, the parties encountered delays in obtaining transcripts for the deposition of Defendants' experts that are essential for review and analysis of damages issues for summary judgment as well as for formulating argument for *Daubert* motions.  The transcript of March 27 deposition of Defendants' expert Michael Buchanan was only received on April 7, while the transcript from the deposition of Defendants' expert Loren Naidoo was not received until April 14 due to a delivery delay by the court reporting agency.  In addition, as the Court is aware, this case is both factually and legally complex.  The issues involved in the *Daubert* and dispositive motions focus on, among other things, the deposition testimony 86 Westgate owners and former customers of TET (including exhibits); expert opinions and testimony of three expert witnesses on statistical analysis; and documentary evidence derived from over 1 million pages of discovery.

Further, the law firm for Plaintiffs' counsel has strongly encouraged attorneys and staff to work from home and may close some or all Florida offices altogether, while the law firm for Defendants' counsel has required its attorneys and staff to work remotely since March 16, 2020. The transition from office to remote information system has created various technological and logistical problems and challenges for both firms.  These problems are compounded given the necessity to access significant volumes of documents/data remotely, as is required in the present

3

case and the *Daubert* and dispositive motions which are the subject of the instant motion for extension.  In addition to attorneys and staff having to devote time assisting their children with remote schooling, all of which has generally hampered counsels' ability to timely prepare motions and filings in all of their cases.

Based upon the foregoing, on April 14, 2020, the undersigned counsel filed a joint motion to extend the deadline to file *Daubert* and dispositive motions on damage issues from April 15, to April 29, 2020, which this Court granted.  *See* Doc. 153.  At that time, the Parties contemplated seeking a longer extension of time but were reticent to do given the other imminent pretrial deadlines in this case and were hopeful a two-week extension would be sufficient.  Since the Court granted this 2-week extension, the Parties have worked diligently in the preparation of their respective *Daubert* and dispositive motions.  However, despite these efforts, the issues described above continue and have been more challenging than the Parties had originally anticipated, and have continued to interfere with the their preparation of these substantial motions, which have included reviewing and analyzing transcripts from 47 depositions on written questions.

Finally, on April 27, 2020, the Court entered an order continuing the trial in this case from its July 2019 trial docket to January 5, 2021 (date certain).  *See* Doc. 155.  In seeking that relief, the Parties inadvertently overlooked also seeking an additional extension of time to prepare and file respective *Daubert* and dispositive motions, necessitating the instant motion. Additionally, on April 27, 2020, the Court entered an Order (Doc. 156) vacating the Court's prior entry of summary judgment disposing of Westgate's claims under Florida's Deceptive and

Unfair Trade Practice Act ("FDUTPA"), potentially increasing the scope of issues to be analyzed and addressed in dispositive motions related to damages due on April 29.

## II.  ARGUMENT

A party seeking an extension of time to complete an act that must be done within a specified time may, upon a showing of good cause, obtain an extension of time from the Court upon motion made before the time to act expires.  Fed. R. Civ. P. 6(b)(1)(A).  Pursuant to Rule 16(b), Federal Rules Civil Procedure, a deadline in a scheduling order "may be modified only for good cause and with the judge's consent."  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998) (quoting Fed.R.Civ.P. 16 advisory committee note).  District courts are accorded "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Chrysler Intl. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).

Under this Court's April 15, 2020 order (Doc. 153), the deadline for filing *Daubert* motions relating to the newly disclosed experts and summary judgment motion on damages is April 29, 2020.  Accordingly, the Parties make this request for extension before the expiration of the time to act.  Good cause exists for the requested extension because the Parties have worked diligently to comply with all of the extended deadlines for discovery and disclosures on the issues of damages, and are only unable to meet the last of five extended deadlines due to unforeseen circumstances beyond their control and the complexity these motions.  In particular, despite completing depositions of Defendants' rebuttal expert on a very tight deadline, and in the

midst of trial public health measure being imposed nationwide, the parties have been unable to obtain transcripts of those depositions in a timely manner to enable their review and use of those transcripts in their respective motions.  As such, the Parties requested and obtained a two-week extension of the filing deadlines for these motion, although they did not previously request a longer extension in light of other imminent pretrial deadlines that would also need to be met.  As a result, the Parties underestimated the additional time that was necessary to adequately review and analyze expert testimony in these newly-obtained transcripts that is critical to their formulation and drafting of arguments for these motions.  Additionally, the Court April 27, 2020, Order vacating summary judgment on Westgate's claims under FDUTPA, raising additional issues for the Parties may need to consider and analyze in regard to disposition motions on the issue of damages.  As such, they require an additional two-week extension of time for filing respective *Daubert* and dispositive motions.  Finally, the Parties respectfully submit that the requested two-week extension will not impact the trial in this matter set to commence on January 5, 2021, or require extension of any other deadlines in the Court's April 27, 2020 order continuing the trial.

As such, the Parties respectfully submit that good cause exists for the relief requested in this motion.

## IV.
## CONCLUSION

Based upon the foregoing, the Parties respectfully request that this Honorable Court enter an order extending the deadline from April 29, 2020 to **May 13, 2020** in which to file *Daubert*

6

Motions relating to their damages experts and motions for summary judgment relating to damages.

Respectfully submitted this 27th day of April 2020.

| GREENSPOON MARDER LLP | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP |
|---|---|
| */s/ Brian R. Cummings*<br>Richard W. Epstein<br>Florida Bar No. 229091<br>Michael E. Marder<br>Florida Bar No. 251887<br>Jeffrey A. Backman<br>Florida Bar No. 662501<br>Brian R. Cummings<br>Florida Bar No. 25854<br>201 East Pine St, Suite 500<br>Orlando, Florida 32801<br>Telephone:  (407) 425-6559<br>Facsimile:  (407) 209-3152<br>Richard.Epstein@gmlaw.com<br>Jeffrey.Backman@gmlaw.com<br>Khia.Joseph@gmlaw.com<br>Maria.Salgado@gmlaw.com<br>Michael.Marder@gmlaw.com<br>Trisha.Snyder@gmlaw.com<br>Brian.Cummings@gmlaw.com<br>Moneka.Simpson@gmlaw.com<br><br>*Counsel for Plaintiffs* | */s/ John Y. Benford*<br>John Y.  Benford<br>Florida Bar No. 51950<br>Amy L. Baker<br>Florida Bar No. 86912<br>111 N. Orange Ave. Ste. 1200<br>Orlando, FL 32801-2361<br>Telephone:  (407) 246-8440<br>Facsimile:  (407) 246-8441<br>john.benford@wilsonelser.com<br>amy.baker@wilsonelser.com<br><br>*Counsel for Defendant Defendants & Associates, LLC, Brandon Reed, Trevor Hein and Thomas Parenteau* |

7

43967962

7595095v.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 27th day of April, 2020.

*/s/ John Y. Benford*

8