# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESTGATE RESORTS, LTD., a Florida limited partnership, by and through its general partner WESTGATE RESORTS, INC., a Florida corporation, *et al.*,

        Plaintiffs,

vs.

Case No. 6:18-cv-01088-GAP-DCI

REED HEIN & ASSOCIATES, LLC d/b/a TIMESHARE EXIT TEAM, *et al.*,

        Defendants.

_____/

## **STIPULATED FINAL PERMANENT INJUNCTION ORDER**

This cause having come to be heard upon the Joint Motion and Stipulation of Plaintiffs, Westgate Resorts, Ltd., by and through its general partner Westgate Resorts, Inc., Westgate Vacation Villas, LLC, Westgate Lakes, LLC, Westgate GV at the Woods, LLC, Westgate Towers, LLC, Westgate Flamingo Bay, LLC, Westgate Myrtle Beach, LLC, Westgate Palace, LLC, Westgate Vacation Villas Owners Association, Inc., Westgate Lakes Owners Association, Inc., Westgate Towers Owners Association, Inc., Westgate Town Center Owners Association, Inc., Westgate Towers North Owners Association, Inc., Westgate River Ranch Owners Association, Inc., Westgate Palace Owners Association, Inc., Westgate Flamingo Bay, Las

1

Vegas Owners Association, Inc., Westgate Historic Williamsburg Owners Association, Inc., Westgate Park City Resort & Spa Owners Association, Inc., Westgate Myrtle Beach Ocean Front Owners Association, Inc., Cedar Ridge at the Woods Condominium Owners Association, Inc., Westgate Branson Woods Owners Association, Inc., Grand Vista at Emerald Point Condominium Owners Association, Inc., Painted Mountain Golf Villas Condominium Association, Inc., Westgate GV at Emerald Pointe, LLC, Westgate GV at Painted Mountain LLC, and Westgate Las Vegas Resort, LLC, (collectively, "Westgate"), and Defendants, Reed Hein & Associates, LLC d/b/a Timeshare Exit Team ("TET"), Brandon Reed ("Reed"), Trevor Hein ("Hein"), and Thomas Parenteau ("Parenteau") (TET, Reed, Hein, and Parenteau collectively, the "TET Defendants") (Westgate and the TET Defendants together, the "Parties"), pursuant to Federal Rule of Civil Procedure 65(d), for entry of this Stipulated Final Permanent Injunction Order ("Permanent Injunction"), and the Parties having further jointly stipulated (as detailed below), the following stipulations are incorporated herein:

1.      Westgate filed its Complaint against the TET Defendants in the United States District Court for the Middle District of Florida, styled as *Westgate Resorts, Ltd., etc., et al. v. Reed Hein & Associates, LLC d/b/a Timeshare*

2

*Exit Team, et al.*, Case No. 6:18-cv-01088-GAP-DCI (the "Litigation"). In the Litigation, Westgate asserted claims against TET for (1) violation of the Lanham Act, 15 U.S.C. § 1125; (2) tortious interference with contractual relations; (3) violation of Florida's Deceptive and Unfair Trade Practices Act; and (4) conspiracy to commit tortious interference.

2. Westgate and the TET Defendants consent and stipulate to the entry of this Permanent Injunction to fully resolve the Litigation between them only.

3. The TET Defendants acknowledge the jurisdiction of this Court for purposes of entering and enforcing this Permanent Injunction, and waive any further procedural steps, including but not limited to, an evidentiary hearing, attendant to the entry of this Permanent Injunction.

4. The TET Defendants acknowledges and agree that they enter into this Permanent Injunction voluntarily, knowingly, willfully and with full understanding of its terms, having reviewed them after due consideration, and with opportunity to have separate legal counsel review its terms.

## DEFINITIONS

5. As used herein, "Westgate" means the named Plaintiffs in the Litigation, Westgate Resorts, Ltd., by and through its general partner Westgate Resorts, Inc., Westgate Vacation Villas, LLC, Westgate Lakes, LLC, Westgate

3

GV at the Woods, LLC, Westgate Towers, LLC, Westgate Flamingo Bay, LLC, Westgate Myrtle Beach, LLC, Westgate Palace, LLC, Westgate Vacation Villas Owners Association, Inc., Westgate Lakes Owners Association, Inc., Westgate Towers Owners Association, Inc., Westgate Town Center Owners Association, Inc., Westgate Towers North Owners Association, Inc., Westgate River Ranch Owners Association, Inc., Westgate Palace Owners Association, Inc., Westgate Flamingo Bay, Las Vegas Owners Association, Inc., Westgate Historic Williamsburg Owners Association, Inc., Westgate Park City Resort & Spa Owners Association, Inc., Westgate Myrtle Beach Ocean Front Owners Association, Inc., Cedar Ridge at the Woods Condominium Owners Association, Inc., Westgate Branson Woods Owners Association, Inc., Grand Vista at Emerald Point Condominium Owners Association, Inc., Painted Mountain Golf Villas Condominium Association, Inc., Westgate GV at Emerald Pointe, LLC, Westgate GV at Painted Mountain LLC, and Westgate Las Vegas Resort, LLC, as well as all parents, affiliated and sister companies and their subsidiaries, as well as all resorts and related homeowners associations of these named Plaintiffs, and any additional subsidiaries, affiliated and sister companies (businesses that share common ownership and/or control with other Westgate businesses) and their subsidiaries, resorts

4

and homeowner associations that may come into existence after entry of this Permanent Injunction.

6. As used herein, the term "TET Defendants" is defined as stated above.

7. As used herein, "Westgate Interest" includes:

   a. any timeshare interest developed by Westgate, or any other vacation ownership interest for any timeshare resort for which Westgate, a Westgate affiliated management company or an affiliated owners' association possesses a lien right over for any promissory note or assessment obligation;

   b. a timeshare interest in any resort acquired or developed by, or that becomes an affiliated resort of Westgate or any of its subsidiaries and/or affiliates after the entry of this Permanent Injunction upon the TET Defendants receiving written notification of the same; and

   c. any timeshare exchange program, home exchange service, travel membership program, vacation club product, direct to consumer rentals, or other travel-based product or service offered by Westgate.

8. As used herein, "Westgate Owner" means:

5

      a. a person who owns a Westgate Interest; or

      b. person who has an existing payment obligation for a Westgate Interest; or

      c. any owner of a timeshare ownership program denominated as a Westgate program; or

      d. any owner or member of any timeshare exchange program, home exchange service, travel membership program, vacation club product, direct to consumer rentals, or other travel-based product or service offered by Westgate.

9. As used herein, "TPE" refers to any individual, business and/or entity that is in the business of advertising, marketing, soliciting or providing, or claims to provide (whether valid or not), the following services, to:

      a. Cancel, rescind, terminate, or otherwise effectuate an exit from a timeshare interest;

      b. Cancel, rescind, terminate, reduce or otherwise alleviate any timeshare owner's payment obligation to a timeshare developer and/or any owners' association, whether based upon a promissory note, mortgage, maintenance fee, credit card agreement, or any other contract;

      c. Assist any timeshare owner in obtaining a refund of any payments made by the timeshare owner and associated with

    any timeshare interest, including but not limited to, mortgage payments, maintenance fees, club dues, and/or the purchase price of the timeshare interest;

d. Represent, negotiate, obtain, or arrange a surrender, quit claim transfer, transfer to an association, or a deed-in-lieu of foreclosure of a timeshare interest;

f. Offer or provide timeshare listing, resale, rental, financing, transfer, permanent or temporary trade-in, or other services or programs to any timeshare owner;

g. Provide, whether for profit or not for profit, any timeshare owner with draft correspondence to send to a timeshare developer, a governmental entity, regulator, or any consumer advocacy group, drafts or templates of papers or pleadings to be filed or submitted in any court action commenced in regard to a timeshare interest and/or any payment obligation in favor of a timeshare developer, or otherwise give any assistance, whether in the provision of forms, templates, samples, instructions or otherwise to any timeshare owner; or

h. Provide advice or assistance in regard to a debt validation request in connection with a timeshare owner's timeshare

      interest, including but not limited to, regarding the timeshare owner's exit, termination, cancellation, rescission, or release of a timeshare interest; or

      i. Provide advice or assistance in regard to a timeshare owner's credit score or credit reporting, or any other service commonly referred to as "credit repair".

## APPLICABLE LAW

10.     "[A] consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction." *Local No. 93, Intl Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986). "In addition to the law which forms the basis of the claim, the parties' consent animates the legal force of a consent decree." Id.

11.     This injunction is entered pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*, which is within the Court's subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1332 and 28 U.S.C. § 1367.

12.     This injunction is entered into voluntarily, and without admission or determination of any wrongdoing on the part of the TET Defendants or acknowledgement that it engaged in enjoined activities.

## PROHIBITIONS AGAINST THE TET DEFENDANTS

13. It is hereby **ORDERED AND ADJUDGED** that the TET Defendants, individually and/or through its agents and employees, and all other persons or entities acting on their behalf, at their direction and/or in active participation and/or in concert with them, whether currently known or subsequently identified, shall be and agree to be **PERMANENTLY RESTRAINED AND ENJOINED** from, directly or indirectly, engaging in the following **("Prohibited Activities")** concerning Westgate or Westgate Owners:

   a. Advising or inducing any Westgate Owner to stop paying or to breach any financial obligation associated with a Westgate Interest, including without limitation any timeshare contract, loan, mortgage, or maintenance fees.

   b. Assisting any other person or entity in making any statement, directly or by implication, that directs, encourages, or induces a Westgate Owner to stop making any payment related to their Westgate Interest;

   c. Engaging in any services provided by a TPE, as defined herein, for a Westgate Owner in relation to his or her Westgate Interest, including without limitation, impersonating a Westgate owner or advising or coaching a Westgate owner with regard to correspondence sent to

9

Westgate or a regulatory or governmental agency concerning the termination of any such Westgate Interest;

  d. Offering any product or service to a Westgate Owner in relation to his or her Westgate Interest;

  e. Referring any Westgate Owner to a TPE in connection with a Westgate Interest;

  f. Referring any Westgate Owner that is not an existing customer of the TET Defendants to any third-party credit repair organization;

  g. Transmitting, communicating, or selling Westgate Owner leads, information, records to any person or entity acting as TPE; and

  h. Mentioning, using or referring in any way to Westgate or to this settlement, including without limitation the fact of this settlement or the exit of Westgate Owners in any advertising, marketing materials, sales presentation, website, social media or any materials disseminated to the public.

14. Notwithstanding the foregoing Prohibited Activities, nothing herein is intended to prohibit TET from:

    a. Engaging in any conduct or activity in relation to a timeshare interest other than a Westgate Interest, or timeshare owner other than a Westgate Owner;

    b. Engaging in conduct or activity in relation to any Westgate Owner or Westgate Interest that is party to or subject of an agreement with TET prior to the entry of this Injunction Order as permitted in the Confidential Settlement Agreement.

15. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

The Court shall retain jurisdiction over the parties to this Permanent Injunction and this case for the purpose of construing, interpreting, implementing, and enforcing the terms of this Permanent Injunction.

In the event of an alleged violation of this Permanent Injunction, Westgate shall notify the breaching party, in writing, of the alleged violation, with delivery of the notice to Zetrouer Pulsifer, PLLC, c/o Shannon Zetrouer, Esq., 313 1st Avenue North #15549, St. Petersburg, FL 33733, via certified mail with return receipt requested. If the alleged violator of this Permanent Injunction fails to cure the alleged violation within ten (10) business days of actual receipt of the notice, and a judicial determination is later made that the breaching party(ies) was/were in violation of the terms of this Permanent

Injunction, Westgate, in addition to injunctive and other relief the Court may provide, shall be entitled to liquidated damages in the amount of $20,000 (Twenty Thousand Dollars and No Cents) per violation of this Permanent Injunction, plus, for continuing violations, $1,000 (One Thousand Dollars and No Cents) per day that such violation continues. The Parties stipulate that the damages for breaching this Permanent Injunction are speculative, that liquidated damages are appropriate in this instance, and that the amount of liquidated damages set forth in this Permanent Injunction are reasonable.

If any provision of this Permanent Injunctions shall be held invalid or unenforceable, the remainder shall nevertheless remain in full force and effect. If any provision is held invalid or unenforceable with respect to particular circumstances, it shall nevertheless remain in full force and effect in all other circumstances.

Each party agrees to bear its own costs and attorney's fees and its portion of any court cost.

IT IS SO ORDERED this _____ day of July, 2021.

_____
HON. GREGORY PRESNELL
United States District Judge

cc: All Counsel of Record